IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ALEXANDER WAGNER, #Y27431, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00717-SMY |
| | ) |
| ROBERT COMPARIN, | ) |
| MICHAEL MOLDENHAUER, and | ) |
| JILIAN CRANE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff John Alexander Wagner's motion for preliminary injunction and temporary restraining order (Doc. 56). Defendants Crane and Moldenhauer oppose the motion (Doc. 57).

Plaintiff is proceeding on the following claims against medical providers at Menard Correctional Center, where Plaintiff was previously incarcerated (Doc. 10):

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Comparin, Moldenhauer, and Crane for failure to provide Plaintiff with evaluation and treatment for his back, spine, neck, arm, and hand injuries/conditions.

Count 3: First Amendment retaliation claim against Moldenhauer for denying Plaintiff medical treatment because of his grievances and complaints.

Plaintiff's initial motion for preliminary injunction seeking medical care (Doc. 2) was denied as moot because Plaintiff was transferred to Hill Correctional Center (Docs. 44, 47, 60). The instant motion again seeks medical care for Plaintiff's painful neck and spine conditions, spasms, and problems with his arms, hand, and legs (Doc. 56, pp. 1, 3). Plaintiff asserts that Hill

1

officials, medical personnel, and contracted medical providers are successors in office and agents of the Menard defendants, making injunctive relief proper. However, he offers no authority for this argument.

No Hill officials are parties to this lawsuit and Plaintiff has not demonstrated that his constitutional rights are being violated there. Menard officials do not have control over Plaintiff's medical care at Hill, nor are the defendants herein able to direct Hill medical providers to give Plaintiff the care he seeks (See Doc. 57, p. 2). Thus, Plaintiff's motion does not satisfy the criteria for issuance of a preliminary injunction. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020); (Doc. 47, p. 4).

Accordingly, the motion for preliminary injunction and temporary restraining order (Doc. 56) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 2, 2025

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
