**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JOHN ALEXANDER WAGNER,     )
          )
     **Plaintiff,**     )
          )
vs.     )     **Case No. 25-cv-717-SMY**
          )
ROBERT COMPARIN, et al.,     )
          )
     **Defendants.**     )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge**:

Plaintiff John Wagner, an inmate currently incarcerated at Lawrence Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 on April 28, 2025, alleging Eighth Amendment violations by Defendants Robert Comparin and Michael Moldenhauer (Doc. 1). The Court previously denied Plaintiff's request for counsel on multiple occasions, finding Plaintiff had not demonstrated sufficient effort to secure counsel on his own and appeared competent to litigate this matter at its early stages on his own (*see* Docs. 10, 64, 75, 78). Plaintiff was permitted, however, to present a renewed motion for recruitment of counsel if he demonstrated additional failed attempts to secure counsel on his own. (*id*.). Now before the Court is Plaintiff's motion to reconsider the most recent order denying his request for the appointment of counsel (Doc. 79), which is **GRANTED**.

Upon review, the Court Finds it appropriate to recruit counsel to represent Plaintiff in this matter. Plaintiff has now made multiple attempts to obtain counsel on his own with no success. Moreover, Plaintiff's case has proceeded to merits discovery and, at this point, the complexity of

1

the medical issues involved exceeds Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007), 503 F.3d at 655.

Accordingly, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Elisabeth C. Ross of Kennedys CMK LLP, is **ASSIGNED** to represent Plaintiff John Wagner in this civil rights case.  On or before June 29, 2026, assigned counsel shall enter her appearance in this case.  Attorney Ross is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet to attorney Elisabeth C. Ross.  The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that all pending motions filed by Plaintiff *pro se* are **DENIED** without prejudice so that assigned counsel can evaluate how to proceed.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no

recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.   Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Mills can be reached by email at alan@uplcchicago.org.  He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact.  His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

John Alexander Wagner
Y27431
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

**IT IS SO ORDERED.**

**DATED:  June 15, 2016**

**STACI M. YANDLE**
**Chief U.S. District Judge**